IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JAMES HOPKINS,<br><br>               Plaintiff,<br><br>   vs.<br><br>SUBARU TELESCOPE NATIONAL ASTRONOMICAL OBSERVATORY OF JAPAN,<br><br>               Defendant. | Civ. No. 19-00064 JMS-KJM<br><br>ORDER DENYING WITHOUT PREJUDICE: (1) APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS, ECF NO. 2; AND (2) REQUEST FOR APPOINTMENT OF COUNSEL, ECF NO. 3 |

**ORDER DENYING WITHOUT PREJUDICE: (1) APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS, ECF NO. 2; AND (2) REQUEST FOR APPOINTMENT OF COUNSEL, ECF NO. 3**

**I. INTRODUCTION**

On January 27, 2019, pro se Plaintiff James Hopkins ("Plaintiff") filed (1) an employment-discrimination Complaint, ECF No. 1, against Defendant Subaru Telescope National Astronomical Observatory Of Japan, (2) an Application to Proceed in District Court Without Prepaying Fees and Costs ("IFP Application"), ECF No. 2, and (3) a Request for Appointment of Counsel, ECF No. 3. For the reasons discussed below, Plaintiff's IFP Application and Request for Appointment of Counsel are DENIED without prejudice.

///

///

## II. DISCUSSION

**A. IFP Application**

Federal courts can authorize the commencement of any suit, without prepayment of fees or security, by a person who submits an affidavit that includes a statement of all assets the person possesses, demonstrating he is unable to pay such costs or give such security. *See* 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (stating that the affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty" (internal quotation omitted)).

When reviewing a motion filed pursuant to § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). While § 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins*, 335 U.S. at 339, the applicant must nonetheless show that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).

From a review of Plaintiff's IFP Application, the court cannot discern whether Plaintiff is unable to pay the court fees to commence this action. Plaintiff indicates that he received income totaling $35,964 over the past year: $14,720 from a "TIAA Retirement Account," a personal loan of $12,500, $2,244 in federal and state tax refunds, $3,000 from Creative Arts Hawaii/Proservice HR Service, and $3,500 from an individual. IFP Application ¶ 3. Plaintiff indicates that he does not expect to receive another loan or additional income from Creative Arts Hawaii, but it is not clear whether he expects to receive tax refunds for tax year 2018, whether the $3,500 he received was income or a gift, and whether he expects to receive other income or gifts this year. *Id.* Plaintiff states that his assets include an unspecified amount of "TIAA-CREF Funds" and a 1997 Subaru Forester, but that he has no funds in a checking or savings account. *Id.* ¶¶ 4-5.

Plaintiff does not list a home and its value as an asset, but he states that he has a monthly mortgage expense of $741. *Id.* ¶ 6. Plaintiff lists additional monthly expenses of $1,280 for loan and a credit card debt, $141 for home and auto insurance, $491 for utilities, and $500 for gas and food. *Id.*

Although the court does not apply the federal poverty guidelines as the sole basis to grant or deny in forma pauperis status, the court notes that the current federal poverty guidelines issued by the United States Department of

Health & Human Services ("HHS") for a single person living in Hawaii is $13,960. *See* Annual Update of the HHS Poverty Guidelines, https://www.federalregister.gov/documents/2018/01/18/2018-00814/annual-update-of-the-hhs-poverty-guidelines (last visited Mar. 20, 2019). Plaintiff's income of $35,964 over the last year far exceeds this federally-established poverty guideline.

Even though Plaintiff has significant debt, given the lack of clarity regarding Plaintiff's income, assets, and the value of those assets, the court finds that Plaintiff has failed to demonstrate the requirement of poverty. Accordingly, Plaintiff's IFP Application is DENIED. However, Plaintiff is granted leave to file a new IFP Application by April 8, 2019 that provides further clarification of his income, assets, debts, and expenses.

### B.     Motion for Appointment of Counsel

Generally, a civil litigant has no right to counsel. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). However, pursuant to 28 U.S.C. § 1915(e)(1), the court "may under 'exceptional circumstances' appoint counsel for indigent civil litigants." *Id.*; *see also Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) ("The decision to appoint such counsel is . . . granted only in exceptional circumstances."). In determining whether "exceptional circumstances" exist, the court must consider a litigant's "'likelihood of success on the merits as

well as the [litigant's] ability . . . to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Difficulties that any litigant proceeding pro se would face "do not indicate exceptional factors." *Id.* (quoting *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990)).

Because Plaintiff has not demonstrated in forma pauperis status, he is not eligible for court-appointed pro bono counsel under § 1915(e)(1). Thus, the Motion for Appointment of Counsel is DENIED. However, if Plaintiff is granted in forma pauperis status in the future, and he believes that he can demonstrate the requisite "exceptional circumstances," he may file a new motion for appointment of counsel.

///
///
///
///
///
///
///
///
///

# III. CONCLUSION

Based on the foregoing, Plaintiff's IFP Application, ECF No. 2, and Request for Appointment of Counsel, ECF No. 3, are DENIED without prejudice to filing new motions. By April 8, 2019, Plaintiff must do one of the following: (1) file a new, fully-completed, IFP Application; or (2) pay the $400 filing fee. Failure to comply with (1) or (2) will result in automatic dismissal of this action.

The Clerk of Court is DIRECTED to provide Plaintiff a copy of the court's Application to Proceed in District Court Without Prepaying Fees and Costs with this order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 20, 2019.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Hopkins v. Subaru Telescope Nat'l Astronomical Observatory Of Japan.*, Civ. No. 19-00064 JMS-KJM, Order Denying Without Prejudice: (1) Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 2; and (2) Request for Appointment of Counsel, ECF No. 3